# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FELTON L. MATTHEWS, JR.,

    Plaintiff,

vs.

C/O FEIL, et al.,

    Defendants.

Case No. 3:08-CV-00091-LRH-(VPC)

**ORDER**

    Defendants have removed the action to this Court. Plaintiff has submitted a Motion for Leave to Amend Complaint (#6), which the Court grants. The Court has reviewed the Amended Complaint and will dismiss this action.

    Plaintiff is a prisoner in the custody of the Nevada Department of Corrections. 28 U.S.C. § 1915A(c). When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. North Star Intern. v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. Russell v. Landrieu, 621 F.2d 1037,

1039 (9th Cir. 1980). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

The Amended Complaint is a rambling mess. The Court can discern one cause of action: Plaintiff alleges that Defendants have conspired to tamper with the mail to keep him from commencing any actions in the courts. Prison officials violate Plaintiff's right of access to the courts only if Plaintiff suffered an actual injury, such as a missed filing deadline or the inability to present a claim. Lewis v. Casey, 518 U.S. 343, 348 (1996). In the past 13 years, Plaintiff has been a plaintiff or petitioner in at least twenty-six (26) actions before this Court, two (2) actions before the Court of Federal Claims, and an unknown number of actions in the state courts. Because Plaintiff has had more than three (3) actions dismissed as frivolous, as malicious, or for failure to state a claim, he can no longer proceed in forma pauperis in the federal courts, except in cases of imminent serious physical injury. See 28 U.S.C. § 1915(g). When Plaintiff commences an action in state court that raises federal causes of action, the Attorney General of the State of Nevada removes many of those state-court cases to this Court and pays the filing fee for Plaintiff. If there is a conspiracy, then not only does the conspiracy not injure Plaintiff's right of access to the courts, the conspiracy actually benefits Plaintiff.

Plaintiff refers to three (3) other actions in this Court. He apparently is alleging that Defendants' actions have prevented him from prevailing in those actions. In Matthews v. Endel, Case No. 3:06-CV-00401-RLH-(VPC), the case has proceeded through discovery, and a motion for summary judgment is pending. In Matthews v. McDaniels, Case No. 3:06-CV-00616-ECR-(VPC), the Court served the habeas corpus petition upon the respondents, and currently pending is a motion to dismiss for being a second or successive petition.[1] In Matthews v. Clark County Detention Center, Case No. 3:07-CV-00516-BES-(RAM), the Court has directed service of process, and the answer or other response is not yet. due. In all of these cases, the large number of documents filed

---

[1] The Court denied on the merits the earlier petition, Case No. 3:05-CV-00367-LRH-(RAM), and the Court of Appeals for the Ninth Circuit affirmed.

by Plaintiff belies his allegations that Defendants are tampering with his mail and are making it impossible for him to litigate.

Plaintiff's other motions are moot because the Court is dismissing this action.

IT IS THEREFORE ORDERED that Defendants' Motion for Screening (#3) and Motion for Enlargement of Time (#4) are **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to Amend Complaint (#6) is **GRANTED**. The Clerk of the Court shall file the Amended Complaint.

IT IS FURTHER ORDERED that Plaintiff's Motion to Add Additional Defendants and Charge (#12), Request for Extension of Time (#14), and Motion for Temporary Restraining Order (#20) are **DENIED** as moot.

IT IS FURTHER ORDERED that this action is **DISMISSED** for failure to state a claim upon which relief can be granted. The Clerk of the Court shall enter judgment accordingly.

DATED this 28th day of May, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE